Judge Simpson
delivered the opinion of the Court — Judge Graham . did not sit in. this ease.
A trustee, who in the faithful discharge of his duty, has, in. a mere matter of judgment or discretion, fallen into an error that has resulted in an injury to the persons interested in the trust, is not, in the general, responsible for the loss, where he has acted in good faith, and not been guilty of gross negligence.
But there is an obvious distinction between cases where there is no discretion to be exercised, but a plain and positive duty imposed, and those, where such a discretion must from the very nature of the act to be performed exist and be exercised, and where the judgment of the trustee must, upon a survey of the whole matter, determine the line of conduct 'most advisable for him to pursue.
In the former case he is not required to determine what course is most advisable to adopt, it is his duty to act, and if he fail to do it and loss ensues, he will be liable for it.
The indulgence of a debtor, apparently solvent, may result in the loss of the debt, and yet the trustee failing to use coercive measures for its collection, having acted in good faith, would not be regarded as having been guilty of such negligence as would subject him to liability for the debt lost, because he could, not foresee the failure of the debtor, or know that forbearing to sue would jeopardize the safety of the debt.
But there is no uncertainty as to the consequences of a failure to bring suit, so far as an assignor is liable for the debt. This responsibility depends upon the exercise of due diligence by the assignee. He is released *414 by a failure to bring suit to the first term. A trustee, therefore, in neglecting to sue upon an assigned note, releases the assignor. He knows that such will be the effect of a failure to sue. Pie thus knowingly lessons the security of the debt, and according to every principle of equity, should be considered as increasing his own responsibility to the same extent. Suppose a trustee should receive into his hands a note for a debt, with good persona] security, and he should neglect to sue until the surety was discharged by the operation of time, and the principal should become insolvent, and the debt be lost, would there be any plausibility in the argument that as he had every reason to suppose the principal debtor to be solvent, and had only released the surety by delaying to bring suit and not by any active interference, he was not guilty of gross negligence, and therefore not responsible for the debt? His omission to do that, which he must know will certainly and necessarily diminish the safety of the debt, cannot be considered otherwise than gross negligence. When his neglect to sue has the effect of releasing the assignor or the surety, it amounts to gross negligence and renders him liable for the debt, if the parties released by his negligence are solvent, and would, had they remained liable for the debt, made it good and available.
That the note was given to the assignor as executor, where it was assigned to pay a debt for which the assignor was personally liable, can malte no difference in his liability as assign- or.
In this case, the debt was of considerable magnitude upon an individual having but little property, not, indeed, exceeding in value the amount of this debt alone. For this reason it was important that the assignor should be held responsible for the debt.
It is, however, contended that the assignor was not responsible on his assignment, he having made it in discharge of a demand against him as executor, and, therefore, the failure to sue to the first term of the Court did not affect the safety of the debt. And that if liable at all as assignor, it must be according to the laws of Tennesse, where he resided at the time of the assignment; and as there is no evidence in the record of the nature and extent of this liability, as determined by the laws of that State, the Court cannot decide *415 that the assignment imposed upon him any liability whatever.
The assignor, as executor of John Cross, deceased, having in his hands a large estate belonging to the children of the testator, was required by a decree of the Todd Circuit Court to deliver the property and pay the money in his hands to Hazel Petree, the trustee appointed by the Court to manage the estate for the benefit of the children. It appeared by the settlement made with him, as executer, that he had in his hands a large sum of money belonging to the children of his testator, and, by the terms of the decree, he. was permitted to pay it to Petree by assigning to him cash notes upon good men in certain specified counties. One of the notes so assigned, Petree has been unable to collect on account of the insolvency of the payor. The question then is, was Cross, as assignor, liable for the debt if suit had been brought upon the note in due time, so as to have fixed his liability as assignor.
There is no evidence that the note was executed to Cross for the trust funds in his hands as executor. It was not payable to him as executor, but was payable to him in his own right. By its transfer to Petree he discharged himself from the payment of its amount in money for which he was liable. He was, it is true, permitted by the decree to pay Petree in good cash notes, but he was required to assign them, or in other words to guarantee in a particular mode the solvency of the makers. We are unable to perceive any ground for the assumption that his assignment imposed no liability upon him, but operated merely to transfer the legal title to the note. He made the assignment in his individual right and not as executor; and although it discharged a demand against him as executor, yet it was a demand for which he was liable out of his own estate, and consequently the assignment was based upon a valuable consideration, and had the same effect that assignments have in ordinary cases.
It is further urged that the assignor resided in the State of Tennessee at the time the assignment was ex *416 ecuted, and his liability upon the assignment must be determined by the laws of that State. It is a sufficient answer to this argument, that there is no evidence in the record of the fact upon which it is predicated. It does not appear where the assignor resided at the time of the assignment, but the assignment was made in this State. If, therefore, Cross resided in the State of Tennessee at that time, his liability as assignor would nevertheless depend upon the laws of the place where the contract was made, it being also the place of its performance, inasmuch as Petree, with whom the contract was made as assignee, resided in this State: (Story’s Conflict of Laws, 262.)
The place of making the contract, and of performance gives the law of the contract: (Story's conflict of Imw, 262.)
A trustee who releases a surety or negligently fails to availhimself of all 'the means of saving a debt in his hands becomes personally responsible in case of its loss to the cestui que trust.
The debt then which has been lost was, when it passed into the hands of the trustee, secured by the assignment of the payee of the note. It was alledged in an amended bill that the assignor is solvent and good for the amount of the debt, and that the debt was lost by the gross negligence of the assignee in failing to use due diligence in his efforts to collect it. To this amended bill there was no answer. The failure to answer this amended bill, together with other circumstances which appear in the cause, leave no room to doubt the ability of Cross as assignor to pay the debt.
The mode in which the responsibility of the assignor was to be continued and rendered available, was not ■doubtful or uncertain. The trustee does not allege either that the assignor was not liable, or that he did not know how to proceed to secure that liability, but states that he deemed it unnecessary to use the diligence necessary for that purpose, entertaining no doubt ■of the solvency of the payor.
It was the duty of the trustee, however, to manage the debt so as not to surrender or release any security which he had for its payment. When he released the ■■assignor by neglecting to sue the debtor, he in effect gave up a security that the law had placed in his hands, and voluntarily incurred the risk occasioned by the act. He is, therefore, liable for the loss of the debt, and should be required to retain the judgment, and pay *417 over the amount to those entitled to it, after deducting a liberal compensation for his trouble as trustee.
Grider for plaintiff; Ewing and Bristow and Petree for defendant.
Wherefore, the decree is reversed, and cause remanded for a decree in conformity with this opinion.